IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cathy Holbert, Ron Smith and Zach Jamison,<br><br>        Plaintiffs,<br><br>   v.<br><br>Laurens County and Dale Satterfield in his individual capacity,<br><br>        Defendants. | Civil Action No.: _____ |

**COMPLAINT**
Jury Trial Demanded

  Plaintiffs, Cathy Holbert, Ron Smith and Zach Jamison, complaining of Defendants above-named, would respectfully show unto this Honorable Court the following:

### I. Parties, Jurisdiction, and Venue

  1.  That Plaintiffs are citizens and residents of Laurens County, South Carolina.

  2.  That Defendant Laurens County, (hereinafter "Defendant Laurens"), is a subdivision of the State of South Carolina.

  3.  That, upon information and belief, Defendant Dale Satterfield ("Defendant Satterfield") is a citizen and resident of Laurens County. That, at all times relevant hereto, Defendant Satterfield was acting as the Public Works Director for Defendant Laurens.

  4.  That this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343, because this action is based on federal statutes, 42 U.S.C. §§1983 and 1988. Pendent jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. §1367.

  5.  That venue is proper in this Court pursuant to 28 U.S.C. §1391, because Defendant Laurens is situated in the Greenville judicial division, Defendant Satterfield resides in

the Greenville judicial division, and the unlawful employment practices giving rise to Plaintiffs' claims were committed within this judicial division.

## II.  Facts

6.     That Defendant Laurens last employed Plaintiff Cathy Holbert on September 27, 2019, following Plaintiff's 16-year employment with Defendant Laurens.  That at the time of her termination, Plaintiff Holbert worked as a Foreman at the Laurens County Landfill.

7.     That Defendant Laurens last employed Plaintiff Ron Smith on July 1, 2019.  That during his employment, Plaintiff Smith worked as a laborer at the Laurens County Landfill.

8.     That Defendant Laurens last employed Plaintiff Zach Jamison on September 27, 2019.  That during his employment, Plaintiff Jamison worked as a laborer at the Laurens County Landfill.

7.     That at all times relevant hereto, Defendant Satterfield, in his capacity of Laurens County Director of Public Works, supervised Plaintiffs.

8.     That on or about May 21, 2019, during the workday, Christopher Gurga, Solid Waste and Recycling Supervisor for Laurens County, and an employee of the Laurens County landfill had a dispute that culminated in Gurga pushing the other employee as he yelled at him ("the incident").

9.     That Plaintiffs all observed the incident.

10.    That as part of the investigation that followed the incident, Plaintiffs had to write statements describing what they saw transpire between Gurga and the other employee.  That each of the Plaintiffs truthfully wrote statements of what they observed of the incident and submitted them on May 21, 2019.

11. That, as a result of its investigation into the incident, Defendant Laurens County concluded that Gurga's conduct was inappropriate and he was disciplined accordingly.

12. That after Plaintiffs and any other employees wrote statements describing truthfully what they observed, as requested by Defendant Laurens County, Gurga stated openly that he would get rid of anyone who wrote a statement against him.

13. That after Plaintiff Holbert heard Gurga say he would get rid of anyone who wrote a statement against him, Plaintiff Holbert went to Defendant Laurens County's administrators to express her concerns. That Plaintiff Holbert talked with agents of Defendant Laurens County, including Defendant Satterfield, and told them what Gurga said and she shared her concern about her continued employment. That Defendant Laurens County's agents, specifically including Defendant Satterfield, who is Gurga's Supervisor, assured Plaintiff that would never happen.

14. That shortly after Defendant Laurens County, through its agents, assured employees such as Plaintiff Holbert that employees would not lose their jobs for truthfully reporting about the incident, Defendant Laurens County, acting through and at the insistence of Defendant Satterfield, terminated Plaintiff Smith without any legitimate business interest or cause.

15. That Plaintiff Smith was a close associate of the employee whom Gurga pushed on May 21, 2019, and he had complained to Defendant Laurens' Human Resources of undesirable and unsafe working assignments following his report of the incident.

16. That the employee whom Gurga pushed and yelled at reported the incident to local law enforcement and ultimately Gurga was charged with Assault, Third Degree.

17. That on September 24, 2019, Plaintiffs were subpoenaed by the prosecuting agency and called as witnesses in the criminal trial on the Assault charge against Gurga. Plaintiffs testified truthfully to what they observed of the incident.

18. That Defendant Laurens County, acting through and at the insistence of Defendant Satterfield, terminated both Plaintiffs Holbert and Jamison three days after they testified in the Gurga trial. That in the termination letter, Defendant Laurens County, through Defendant Satterfield, told Plaintiffs they were being terminated because their "acts were not in the best interest of the Department or the County."

## FOR A FIRST CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1983-Defendant Satterfield)

19. That Plaintiffs repeat and reallege the preceding paragraphs as if restated verbatim.

20. That in all of his actions, and specifically in his actions following the incident, Satterfield acted 'under color of State law.'

21. That Defendant Satterfield terminated Plaintiffs because they spoke on a matter of public concern, to wit: an altercation between a Supervisor and a subordinate that occurred during a workday at the Laurens County Landfill.

22. That, in terminating Plaintiffs because they had spoken on a matter of public concern, Defendant Satterfield deprived Plaintiffs of their rights protected by the First Amendment of the United States Constitution.

23. That, as a direct and proximate result of being terminated, Plaintiffs suffered actual damages in the form of lost wages and employment benefits, and they endured a negative effect on their careers and earning capacities. That, accordingly, Plaintiffs are entitled to recover

in this action actual damages from Defendant Satterfield for his conduct, effectuated under color of state law, that damaged Plaintiffs.

24. That, further, Plaintiffs are entitled to recover punitive damages against Defendant Satterfield.

25. That, under 42 U.S.C. §1988, Plaintiffs are also entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in bringing this action.

## . **FOR A SECOND CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy-Defendant Laurens)**

26. That Plaintiffs repeat and reallege the preceding paragraphs as if restated verbatim.

27. That the State of South Carolina has a public policy interest in employees truthfully reporting criminal conduct they observe in the workplace.

28. That the State of South Carolina has a public policy interest in employees complying with Court Orders, including subpoenas, and testifying when required by subpoena to do so.

29. That in terminating Plaintiffs after they reported the incident, and after Plaintiffs Jamison and Holbert testified in the criminal trial, Defendant Laurens violated the public policy of the State of South Carolina.

30. That, as a direct and proximate result of being terminated in violation of the public policy of the State of South Carolina, Plaintiffs suffered actual damages in the form of lost wages and employment benefits, and they endured a negative effect on their careers and earning capacities. That, accordingly, Plaintiffs are entitled to recover in this action actual damages from Defendant Laurens for its conduct, effectuated under color of state law, that damaged Plaintiffs.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request the following relief:

    a.    Back pay, front pay, lost employment benefits, and interest thereon;

    b.    Punitive damages against Defendant Satterfield;

    c.    Attorney's fees, expert fees, and costs; and

    d.    Such further relief as the Court deems just and appropriate.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL.**

RESPECTFULLY SUBMITTED,

GAFFNEYLEWIS LLC

 s/Amy L. Gaffney
Amy L. Gaffney, Esquire
D.C.I.D. Number: 6316
3700 Forest Drive, Suite 400
Columbia, SC 29204
(803) 790-8838
agaffney@gaffneylewis.com

This the 26th day of March, 2020